## *In the United States District Court*
## *for the Northern District of Illinois*
## *Eastern Division*

| | |
|---|---|
| Carla I. Espinoza, | |
| plaintiff, | |
| – v – | |
| Todd Blanche, in his official capacity as Acting Attorney General of the United States, and the United States Department of Justice, | |
| defendants. | **Jury trial demanded** |

## Verified Complaint of Civil Rights Violations

### Nature of action and verification of Complaint

1.      This Verified Complaint alleges violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§2000e *et seq*.) and of the First Amendment to the Constitution of the United States of America.

2.      Plaintiff's Verification of paragraphs 3 through 44 of this Verified Complaint is attached as Exhibit A.

### Parties

3.      Plaintiff is Carla I. Espinoza.

4.      Ms. Espinoza is an adult who resides in and is a citizen of the State of Illinois.

5.      Defendants are Todd Blanche, in his official capacity as Acting Attorney General of the United States, who is joined to be able to effectuate full relief, and the United States Department of Justice.  In this Verified Complaint, "defendant" refers to the United States Department of Justice, unless indicated otherwise.

**Defendant hires the extremely well-qualified Ms. Espinoza to be a judge**

6. On or about July 16, 2023, defendant appointed Ms. Espinoza to serve as an Immigration Judge for its Executive Office for Immigration Review ("EOIR"), Chicago Immigration Court.

7. When defendant chose to appoint Ms. Espinoza as an Immigration Judge, it knew that, from 2013 to 2023, she had been the managing attorney for Chicago Immigration Advocates Law Offices, where she represented immigrants.

8. When defendant chose to appoint Ms. Espinoza as an Immigration Judge, it knew that, from 2012 to 2013, she had been a supervising attorney with Solis Law Firm, P.C. in Chicago, where she had also represented immigrants.

**Defendant receives exemplary performance from Judge Espinoza**

9. When defendant chose to appoint Ms. Espinoza, it had a policy and practice that newly-appointed Immigration Judges serve a two-year term.

10. Defendant thereupon assigned Judge Espinoza to serve such a two-year term.

11. Defendant received exemplary performance from Judge Espinoza throughout that two-year term.

12. For example, both years of Judge Espinoza's two-year term, defendant received from her the adjudication of hundreds of cases more than that year's goal.

13. As another example, for Fiscal Year 2023-2024, defendant received from Judge Espinoza the adjudication of over 1,000 cases.

14. Defendant chose to assign the priority-detained docket to Judge Espinoza, in which position she presided over cases of individuals detained throughout the Midwest region.

-2-

15. Defendant never issued Judge Espinoza any form of discipline.

16. Defendant never received any complaint filed against Judge Espinoza.

**Animus against race, national-origin, sex, and advocacy for immigrants**

17. In 2025, then-Attorney General Bondi and then-Acting EOIR Director Sirce Owen chose to issue many department-wide memoranda announcing the end to Diversity, Equity, and Inclusion efforts.

18. For example, in or around January 2025, then-Acting Director Owen chose to issue several policy memoranda that claimed that organizations that advocated for non-citizens were extremist, leftist organizations that undermined Immigration Courts and favored illegal immigration.

19. As another example, in February 2025 then-Attorney General Bondi chose to issue a memorandum that promised to "penalize illegal DEI and DEIA preferences," particularly those "based on race or sex."

20. As yet another example, in March 2025 then-Acting Director Owen chose to issue another memorandum that alleged that Immigration Judges of "certain backgrounds" had been given favorable treatment over others in hiring and that stated that EOIR was "committed to rectifying those harms."

21. Contemporaneously with defendant's choice to issue those memos, defendant also chose to fire from EOIR a disproportionate number of women, people of color, ethnic minorities, and persons associated therewith. The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

22. Defendant's FY2026 budget permitted it to have up to 800 immigration judges, so its choice to fire from EOIR a disproportionate number of women, people of color, ethnic minorities, and persons associated therewith was not a matter of economic necessity.

23. Starting on January 20, 2025, defendant chose to fire four women in permanent leadership positions within EOIR. Defendant chose to fire those four women in leadership positions in close succession to each other and without stating any cause.

24. One of the four women in leadership positions that defendant chose to fire was then-Chief Immigration Judge Sheila McNulty.

25. On or about February 14, 2025, defendant chose to fire several female Assistant Chief Immigration Judges, including Judge Megan Jackler, Judge Rebecca Walters, Judge Noelle Sharp, Judge Megan Herndon, and Judge Rhana Ishimoto.

26. Defendant had a policy and custom that, upon the completion of a probationary Immigration Judge's two-year term, defendant would routinely convert that probationary Judge's status to permanent Immigration Judge. The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

27. Defendant chose to fire each Immigration Judge in Judge Espinoza's July 2023 class whom it knew or believed had a Hispanic surname, including Judge Irma Perez (Santa Ana Immigration Court), Judge Adrian Paredes Velasco (El Paso Immigration Court), Judge Alberto De Puy (New Orleans Immigration Court),

Judge Elanie Cintron (Denver Immigration Court), Judge Jody Barilla (Chicago Immigration Court), and Judge Espinoza herself. The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

28.     Defendant chose to fire each Immigration Judge in Judge Espinoza's July 2023 class whom it knew or believed had a Middle-Eastern surname, including Judge George Najjar (San Diego Immigration Court) and Judge Tania Nemer (Cleveland Immigration Court). The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

29.     Defendant chose to fire each Immigration Judge in Judge Espinoza's July 2023 class whom it knew or believed had a South-Asian surname, including Judge Sameer Ahmed (Boston Immigration Court) and Judge Zahra Jivani Fenelon (Houston Immigration Court). The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

30.     Of the thirty-eight Immigration Judges whom defendant appointed in July 2023, defendant chose to fire approximately twenty, including Judge Espinoza, and chose to retain in a permanent position approximately eighteen. The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

31.     Among the approximately eighteen Immigration Judges defendant chose to retain in a permanent position were the following white, non-Hispanic, males:

Robert Lundberg (Annandale Immigration Court), David Gardey (Arlington Immigration Court) and Jonathan Hall (Chelmsford Immigration Court). The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

32. Of the Immigration Judges defendant appointed in July 2023 whom defendant knew or believed had backgrounds of advocating for immigrants and immigrant rights, defendant chose to fire Judge Florence Chamberlin (San Francisco Immigration Court), Judge Christopher McNary (Santa Ana Immigration Court), Judge Sameer Ahmed (Boston Immigration Court), Judge Lucy Billings (the New York – Varick Immigration Court), Judge Homero López (Bureau of Indian Affairs), Judge George Pappas (Boston Immigration Court), Judge Kyra Lilien (San Francisco Immigration Court), and Judge Espinoza herself. The allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

33. In contrast, of the Immigration Judges defendant appointed in July 2023 whom defendant knew or believed had exclusively prosecutorial immigration law backgrounds or whom defendant knew or believed had otherwise never represented or advocated for non-citizens, defendant chose to retain in a permanent position Heather Libeu (Santa Ana Immigration Court), Sasha Xu (Federal Plaza Immigration Court), Brandi Lohr (Buffalo Immigration Court), Jacquelyn Jo Joyce (Houston Immigration Court) Elizabeth Treacy (Chicago Immigration Court), and Robert Lundberg (Annandale Immigration Court). The

allegations of this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

34.     In June 2025, a few weeks before defendant chose to fire Judge Espinoza, defendant learned that she had presided over the high-profile case of a Mexican national respondent (Ramon Morales Reyes) and had set bond in that case.   The bond Judge Espinoza had set in that case was based on the appropriate bond factors and was the correct legal ruling.

35.     Around that same time, defendant had also learned that both the White House and the then Secretary of the Department of Homeland Security had made public statements about the case and their desire that no bond be set.

**Damages**

36.     Defendants' actions and/or omissions as pled in this Verified Complaint caused Judge Espinoza to lose her job, caused her to lose wages, caused her to lose employee benefits, economically harmed her due to that loss of wages and benefits, harmed her career, and caused her to suffer the type of emotional distress people normally suffer when they lose their jobs and/or are retaliated against and/or are discriminated against, commonly called "garden-variety emotional distress".

**Judge Espinoza fulfills all conditions precedent to bringing this suit**

37.     On August 6, 2025, Judge Espinoza contacted defendant's Equal Employment Opportunity ("EEO") office and initiated informal counseling, in accordance with 29 C.F.R. § 1614.105(a).

38.     Judge Espinoza filed a Formal Complaint of Discrimination, Agency No. EOI-2025-000901, on September 17, 2025.  In accordance with 42 U.S.C.

-7-

§2000e-16 and 29 C.F.R. §1614.106(b), she filed her Formal Complaint following completion of informal counseling and within fifteen (15) days of her final interview and receipt of notification from her EEO counselor of her right to file a formal complaint.

39.     On February 11, 2026, defendant issued a Final Agency Decision under 29 C.F.R. § 1614.110, dismissing Judge Espinoza's Formal Complaint for failure to state a claim.

40.     That Final Agency Decision, stated that Judge Espinoza's

> "status as an inferior officer under Article II of the Constitution renders her an 'at-will' employee and her removal is beyond the purview of the Rehabilitation Act [*sic*]."

41.     Further, that Final Agency Decision stated that defendant's failure to convert Judge Espinoza's position from a probationary two-year term appointment to a permanent position and its concomitant firing of Judge Espinoza

> "w[ere] a lawful exercise of the Attorney General's authority under Article II of the Constitution. Article II of the Constitution allows the President and heads of departments exercising his power to remove inferior officers without cause, subject to only narrow exceptions that do not apply to [her] former position. No statute provides otherwise, and even if it did, the statute would run afoul of Article II."

42.     Judge Espinoza filed this lawsuit pursuant to 29 C.F.R. §1614.407(a) and 42 U.S.C. §2000e-16(c) within ninety days of her receipt of the Agency's final action.

43.     Judge Espinoza has fulfilled all conditions precedent to bringing this suit.

**Venue**

44.     Defendant's allegedly unlawful acts and/or discriminatory practices occurred in the Northern District of Illinois, and the causes of action pled in this Verified

-8-

Complaint arose in that District.

45.    Venue is proper by §1391(b) and (e) of the Judicial Code [28 U.S.C. §1391(b) and (e)] and/or by 42 U.S.C. § 2000e-5(f)(3).

## Jurisdiction

46.    This Court has jurisdiction under 42 U.S.C. § 2000e-5(f)(3), applied pursuant to 42 U.S.C. § 2000e-16(d), and under §1331 of the Judicial Code [28 U.S.C. §1331].

# Count I – Title VII Violations

47.    Judge Espinoza realleges paragraphs 1 through 46 of this Verified Complaint.

48.    Defendants violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§2000e *et seq.*) by firing Judge Espinoza and/or by failing to convert her position to a permanent one because of her sex, race, national origin, association with Latin American and Hispanic immigrants, and/or some combination of those.

49.    As a proximate result of defendants' violations of Title VII, Judge Espinoza suffered the damages pled.

# Count II – First Amendment Violation

50.    Judge Espinoza realleges paragraphs 1 through 46 of this Verified Complaint.

51.    Defendants violated the First Amendment of the Constitution of the United States of America by firing Judge Espinoza and/or by failing to convert her position to a permanent one because of her association with organizations affiliated with political ideologies contrary to those held by defendants.

# Count III – Declaratory Judgment

52.    Judge Espinoza realleges paragraphs 1 through 46 of this Verified Complaint.

-9-

53. Defendants and Judge Espinoza have a substantial ongoing controversy and a declaration of rights under the Declaratory Judgment Act (28 U.S.C. §§2201 & 2202) is both necessary and appropriate to establish that defendants had neither the authority to fail to convert Judge Espinoza's position to a permanent one nor the authority to fire her on the basis of sex, race, national origin, prior association, or political affiliation, perceived political affiliation, or any combination thereof.

54. Judge Espinoza is entitled to declaratory relief on the basis of all claims pled in this Verified Complaint.

## Count IV – Mandamus

55. Judge Espinoza realleges paragraphs 1 through 46 of this Verified Complaint.

56. Title VII and the First Amendment impose a ministerial duty on the defendants not to discriminate on the basis of sex, race, national origin, or protected association

57. Absent this Court granting one of the other counts of this Verified Complaint, Judge Espinoza has no other adequate means of redress

58. Judge Espinoza is thus entitled in the alternative to a writ of mandamus or relief in the nature of mandamus commanding defendants to return her to her office.

*Wherefore*, plaintiff Carla I. Espinoza prays for:

a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendants to settle this case;

b. Back pay, employment benefits, and other compensation lost to her as a

result of defendants' unlawful conduct;

c.      Interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to her as a result of defendants' unlawful conduct;

d.      Compensatory damages for the harm she suffered as a result of defendants' unlawful conduct;

e.      Instatement to the permanent position of Immigration Judge or, in the alternative, pay in lieu thereof for a reasonable time into the future;

f.      A Declaration that defendants' conduct violated Title VII and/or the First Amendment;

g.      In the alternative, a writ of mandamus or relief in the nature of mandamus commanding defendants to return her to her office;

h.      The costs of this action; and

i.      Such other relief as this Court deems just and appropriate.

# Jury Demand

Plaintiff Carla I. Espinoza hereby demands a trial by jury on all claims so triable.

Carla I. Espinoza,
plaintiff,

By:   /s/David L. Lee      
David L. Lee, her attorney
ARDC #1604422
LAW OFFICES OF DAVID L. LEE
542 S. Dearborn St., Suite 660
Chicago, IL 60605
d-lee@davidleelaw.com
312-952-1321

Geoffrey H. Simpson
MD Bar No. 18868
DC Bar No. 988437
Gilbert Employment Law, PC.
8403 Colesville Road, Suite 1000
Silver Spring, MD 20910
301-608-0880
gsimpson-efile@gelawyer.com
*Pro Hac Vice motion to be filed*


Nathaniel A.G. Zelinsky
DC Bar No. 1724093
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org
*Pro Hac Vice motion to be filed*